■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LUGO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 20, 1977, convicting him of criminal sale of a dangerous drug in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, guilty plea vacated, and matter remitted to Criminal Term for a hearing in accordance herewith. Defendant was charged with criminal sale of a dangerous drug in the third degree (two counts), criminal possession of a dangerous drug in the fourth degree (three counts) and criminal possession of a dangerous drug in the sixth degree, arising out of the sale of drugs to an undercover police officer. He moved to dismiss the indictment upon the ground that a 30-month delay between the dates of the drug transactions and the date of the indictment deprived him of due process of law. Upon the return date of the motion, the court ruled that defendant had the initial burden of coming forward with proof to establish that he had been prejudiced by the delay. The defendant contended that initially the People had the burden of proving good cause for the delay and he refused to adduce any evidence until the People met that burden. The People, on the other hand, contended that the 30-month delay was occasioned by the fact that the police had been unable to find the defendant during that time, and offered to produce witnesses to this effect if required to do so by the court. At one point the court stated that it would hear testimony offered by either party, but after considerable confusion, the proceedings closed without any witnesses being called. Thereafter the motion to dismiss was denied upon the ground that defendant had failed to sustain his burden of proof on the issue of prejudice. This was error. Where there has been protracted delay involving the passage of several years between the commission of the offense and the indictment, the burden is on the prosecution to establish good cause (*People v Prosser*, 309 NY 353, 358; *People v Singer*, 44 NY2d 241, 254). Under the circumstances of this case the failure of the People to adduce evidence on the issue of good cause for the preindictment delay should not be conclusive, and the People should be afforded the opportunity to present additional evidence (*People v Singer*, supra, p 255). Accordingly, the matter must be remitted to Criminal Term for a new hearing. Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.